UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ROBERT WHITE,

         Plaintiff,

v.

JBG/TYSONS HOTEL, LLC, *et al.*,

         Defendants.

Civil Action No. 3:13–CV–223

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants' motion to Transfer Venue to Alexandria Division ("Motion") (ECF No. 2). Plaintiff Robert White originally filed this action in Richmond City Circuit Court, alleging negligence and negligence *per se* on the part of JBG/Tysons Hotel, LLC and Starwood Hotels & Resorts Worldwide, Inc. (collectively "Defendants"). The complaint alleges Defendants were negligent in providing too few handicapped parking spots in the parking lot of the Sheraton Premiere at Tysons Corner ("hotel"). As a result, Plaintiff, who suffers from muscular dystrophy, parked in the general parking area of the hotel parking lot and his motorized wheelchair struck a raised concrete lip on his way to the hotel entrance. This caused Plaintiff to be thrown from his wheelchair and onto the pavement. Defendants timely removed this action to federal court in the Eastern District of Virginia (Richmond Division) ("Richmond Division") on April 11, 2013. Defendants now ask the Court to transfer the action from this division to the Eastern District of Virginia (Alexandria Division) ("Alexandria Division"). For the reasons stated below, the Court GRANTS Defendants' Motion and TRANSFERS the case to the Alexandria Division.

## **BACKGROUND**

Plaintiff, a Pennsylvania resident, filed suit in the Circuit Court for the City of Richmond,

1

alleging that on May 28, 2011, he was a guest at the Sheraton Premier at Tysons Corner, located at 8661 Leesburg Pike, in Tysons Corner, Virginia. Compl. ¶¶ 3 & 4. On that day, Plaintiff, who suffers from muscular dystrophy, parked his van in a general parking area in the hotel parking lot because all four of the handicapped parking spots were full. Compl. ¶ 4. While driving his motorized wheelchair toward the hotel entrance, it struck a raised concrete lip, causing Plaintiff to be thrown from his wheelchair. Compl. ¶¶ 5-6. Plaintiff alleges this incident resulted from Defendants' negligence and negligence *per se*.

Upon receiving service of Plaintiff's complaint, Defendants timely and properly removed the action to the Richmond Division of the Eastern District of Virginia, pursuant to 28 U.S.C. § 1441, which provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

§ 1441(a). Defendants now seek to transfer the action to the Alexandria Division. In addition to the location of the hotel being in Tysons Corner, Virginia, Defendants submit that Plaintiff was transported by an emergency medical transport service to Reston Hospital Center and received two CT Scans in Northern Virginia.[1] Defendants therefore ask the Court to take judicial notice of the fact that the locus of the accident, the hotel employee witnesses, the emergency medical transport service providers, and the Reston Hospital medical care providers are approximately 90-100 miles closer to the Alexandria Division courthouse than to the Richmond Division courthouse. Defendants also submit that their principle places of business and local corporate offices are located approximately 100 miles closer to the Alexandria Division courthouse than the Richmond Division courthouse.

---

[1] To substantiate the locations of Plaintiff's medical treatment, Defendants submitted invoices for the medical transportation and CT scans. Defs. Mot. Transfer, Ex. B. Medical Transport Service, which provided transportation from the hotel to the Reston Hospital Center, is located at 360 Herndon Parkway, Herndon, Virginia. *Id.* Reston Radiology Consultants, which conducted the CT scans, is located at 21785 Filigree Court, Ashburn, Virginia. *Id.*

Plaintiff filed a response in opposition to the Motion to Transfer and Defendants filed a reply brief.[2] The parties have not requested a hearing on this matter, and the Court finds that oral argument is unnecessary. *See* E.D. Va. Loc. Civ. R. 7(J). The matter is therefore ripe for decision.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The decision whether to transfer an action under the statute is committed to the sound discretion of the district court." *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 668 (E.D. Va. 2010) (citing *One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*, 312 F. Supp. 2d 824, 828 (E.D. Va. 2004)). District courts determining whether to grant a motion to transfer under § 1404(a) "typically consider[]: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interest of justice." *Id.* (citing *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007)). "The movant bears the burden of showing that transfer is proper." *JTH Tax*, 482 F. Supp. 3d at 736 (citing *Cognitronics Imaging Sys. v. Recognition Research, Inc.*, 83 F. Supp. 2d 689, 696 (E.D. Va. 2000)).

## DISCUSSION

The Parties agree this action could have been brought in the Alexandria Division because it is the judicial district and division "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1931(b)(2); *see also* E.D. Va. Loc. Civ. R. 2(C). Accordingly, the Court may exercise its discretion under § 1404 to transfer the case, if the considerations discussed below favor transfer to the Alexandria Division.

    a. *Plaintiff's Choice of Forum*

---

[2] Defendants untimely filed their reply brief on May 16, 2013. *See* E.D. Va. Loc. Civ. R. 7(F)(1). The reply brief does not change the Court's decision on the Motion to Transfer; it merely supplements portions of the analysis. Plaintiff has not moved to strike the reply. The Court therefore considers the reply brief in the analysis below.

3

Plaintiff's choice of forum in this case is not entitled to any significant weight. Generally, the plaintiff's choice of forum is "entitled to substantial weight, especially where the chosen forum is the plaintiff's home or bears a substantial relation to the cause of action." quoting *Heinz Kettler*, 750 F. Supp. 2d at 667. When, however, "a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight." *Hunter Eng'g Co. v. ACCU Indus., Inc.*, 245 F. Supp. 2d 761, 775 (E.D. Va. 2002) (citing *Verosol v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 592-93 (E.D. Va. 1992) (holding that because the plaintiff chose a foreign forum and the cause of action lacked any real connection to the chosen forum, plaintiff's choice of forum would not "impede transfer if the relevant § 1404(a) factors point to another forum")). In this case, Plaintiff chose a foreign forum, which bears no relation to the cause of action. Plaintiff is a citizen of Pennsylvania, Compl. ¶ 1, and does not dispute that the events giving rise to this action occurred within the boundaries of the Alexandria Division. In fact, neither party contends that any portion of the events occurred in the Richmond Division. The case therefore has no relation to this forum and Plaintiff's choice of this foreign forum significantly reduces the burden on the Defendants in seeking a transfer. *See Hunter*, 245 F. Supp. 2d at 775 ("[T]he greater the connection of the plaintiff and the operative events to the original forum, the greater the defendant's burden in seeking transfer.").

      b. *Convenience of the Parties*

The convenience of the parties weighs slightly in favor of transferring the action to the Alexandria Division. In considering the convenience of the parties, courts typically "consider factors such as 'the ease of access to sources of proof, the costs of obtaining witnesses, and the availability of compulsory process.'" *Heinz Kettler*, 750 F. Supp. 2d at 668. Plaintiff is correct that his choice of forum belies the Defendants' argument that transfer to the Alexandria Division

would be more convenient for him.[3] However, the Defendant companies maintain their principal places of business in Maryland and Connecticut, approximately 100 miles closer to the Alexandria Division.[4] Defendant's offices, employees, and relevant documents are therefore closer to the Alexandria Division. *See id.* Additionally, the majority of the non-party witnesses presumably work and reside in the Northern Virginia area as all of the subject events occurred in the Tysons Corner and Reston area. Both the hotel and hospital where Plaintiff was transported fall near the boundary of the Richmond Division's 100 mile subpoena power under Federal Rule of Civil Procedure 45. Any number of the witnesses might therefore fall outside this Court's compulsory process authority, whereas the majority, if not all, of the likely witnesses will be within the Alexandria Division's compulsory process authority. Further, Plaintiff does not contend that it would be any more of a burden for him to litigate in the Alexandria Division than in the Richmond Division. This consideration therefore provides some support for transferring the action.

c. *Convenience of the Witnesses*

The consideration of the convenience of the witnesses weighs clearly in favor of transferring the case to the Alexandria Division. "The party asserting witness inconvenience 'has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience.'" *Heinz Kettler*, 750 F. Supp. 2d at 668 (quoting *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 363 (E.D. Va. 2003)). Defendants provided invoices from the medical services that provided care for Plaintiff after the incident occurred at the hotel. Defs. Mot. Transfer, Ex. B. Both service providers are located in Northern Virginia, as is the hotel. *Id.*; Compl. ¶ 3. Additionally, because the Defendants' principal places of business are located in

---

[3] Defendants also improperly argue litigation in Richmond will inconvenience the attorneys for the parties, which does not impact the transfer analysis. *Heinz Kettler*, 750 F. Supp. 2d at 669 n.9 ("It is well-settled that convenience for a party's litigation counsel is not a factor to be considered in the transfer analysis.").
[4] The Parties agree that the Richmond Division courthouse is approximately 100 miles south of the Alexandria Division Courthouse.

Maryland or Connecticut, any witnesses required from the Defendant companies are likely located closer to the Alexandria Division. In their reply brief, Defendants also proffered information regarding three hotel employees they have identified at this early stage of the proceedings as likely witnesses. Defendants proffer that the witnesses would testify regarding their interactions with the plaintiff after the incident and the circumstances surrounding the incident. All three identified witnesses live within twenty miles of the Alexandria Division courthouse. Other, yet unidentified, witnesses also likely work and live in the Northern Virginia area or Maryland or Connecticut, closer to the Alexandria Division than the Richmond Division.

Plaintiff does not contend that witnesses would find the Richmond Division more convenient; rather, he argues the defendants did not provide sufficient evidence to prove the potential witnesses would be inconvenienced by litigating in the Richmond Division. Though Defendants do not provide the location and expected testimony of all potential witnesses, information Defendants likely have not developed at this early stage in the proceedings, they provided the Court with sufficient information to determine that litigating in the Richmond Division would likely be more inconvenient for the majority of witnesses. The convenience of witnesses therefore weighs in favor of transferring this action.

    d. *Interest of Justice*

The final consideration—interest of justice—also weighs in favor of transferring this case to the Alexandria Division. In evaluating the interest of justice, courts consider the pendency of related actions, judicial economy, where the operative events occurred, docket congestion, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law. *Hunter*, 245 F. Supp. 2d at 774; *Lycos*, 499 F. Supp. 2d 685, 695 (E.D. Va. 2007) (quoting *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006)). A number of these considerations weigh in favor of transfer, while none weigh in favor of the action remaining in the Richmond Division. Most significantly, the events out of which this action arose occurred entirely within the boundaries of the Alexandria Division.

Further, this action remains in the early stages of litigation and does not involve related cases. As a result, neither party will be significantly burdened by transferring the case at this time. Considering this, and the other factors, the Court finds transfer to the Alexandria Division is appropriate in this action.

## **CONCLUSION**

For the reasons stated above, the Court GRANTS Defendants' Motion to Transfer Venue and TRANSFERS this case to the Eastern District of Virginia (Alexandria Division).

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this \_\_\_20th\_\_\_ day of May 2013.